**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30400 |
| Plaintiff - Appellee, | D.C. No. 4:07-CR-00187-BLW-12 |
| v. | |
| IVAN ARREDONDO-MEZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

Ivan Arredondo-Meza appeals from his jury-trial conviction and 480-month

sentence imposed for conspiracy to possess/distribute a controlled substance, in

violation of 21 U.S.C. §§ 841(a)(1) and 846, and continuing criminal enterprise, in

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. § 848.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We decline to consider Arredondo-Meza's claim of ineffective assistance of counsel.  This court does not "ordinarily consider on direct review claims challenging the efficacy of a criminal defendant's representation," and the record does not establish the applicability of any exception to this rule here.  *See United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004).

Arredondo-Meza also contends that his sentence is unconstitutional because it is based on drug quantities determined by the district court and not supported by the evidence.  Contrary to Arredondo-Meza's suggestion, the issue of drug quantity was not required to be determined by a jury because that fact did not increase the statutory maximum.  *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  Furthermore, the district court correctly applied the preponderance of the evidence standard.  *See United States v. Kilby*, 443 F.3d 1135, 1140-41 (9th Cir. 2006).

Additionally, the evidence supports the district court's determination of the quantity of drugs attributable to Arredondo-Meza.  The court was entitled to approximate the weight of the drugs to determine the applicable Guidelines range, and the record reflects that the district court did not clearly err in its factual determination regarding the quantity of drugs attributable to the Arredondo-Meza

08-30400

because it applied the correct burden of proof, used reliable evidence, and erred on the side of caution. *See id.* at 1141; *United States v. Alvarez*, 358 F.3d 1194, 1213 (9th Cir. 2004) (testimony of co-conspirators given under oath and subject to cross-examination has sufficient indicia of reliability to support the accuracy of a district court's approximation); *United States v. Culps*, 300 F.3d 1069, 1077 (9th Cir. 2002) (court may approximate drug quantity for sentencing purposes by multiplying an estimated daily or weekly quantity by an applicable period of time).

Arredondo-Meza next contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Arredondo-Meza's within-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**